Douglas E. Dexter (State Bar No. 115868)
ddexter@fbm.com
Rebecca H. Stephens (State Bar No. 299234)
rstephens@fbm.com
Jamie E.S. Talt (State Bar No. 312853)
jtalt@fbm.com
Benjamin J. Cooper (State Bar No. 356928)
bcooper@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants
AMAZON.COM, INC., AMAZON WEB SERVICES, INC. AND AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL JEROME DALAVAI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC.; AMAZON WEB SERVICES, INC.; AMAZON.COM SERVICES LLC,<br><br>　　　　Defendants. | Case No. 3:25-cv-01841-JLS-AHG<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

47191\20658190.1

DEFENDANTS' REPLY TO PLAINTIFF'S M.P.A.
IN OPPOSITION TO MOTION TO DISMISS
Case No. 3:25-cv-01841-JLS-AHG

## I. INTRODUCTION

Plaintiff Randal Jerome Dalavai's ("Plaintiff") Opposition to Defendants Amazon.com, Inc., Amazon Web Services, Inc., and Amazon.com Services, LLC's ("Defendants'" or "Amazon's") Motion to Dismiss ("Opp.") confirms that the law compels dismissal of Plaintiff's entire First Amended Complaint ("Complaint" or "Compl.") under Rule 12(b)(6).

Plaintiff's Opposition articulates no legal or factual basis supporting his claims for various forms of declaratory relief, defamation, or retaliation. Plaintiff generally failed to respond to Amazon's arguments or explain how his factual allegations are sufficient to state any claim against Amazon. As such, the Complaint should be dismissed.

## II. PLAINTIFF FAILS TO SUFFICIENTLY PLEAD ANY CLAIM FOR WHICH RELIEF CAN BE GRANTED

Plaintiff and Amazon agree that, to satisfy Federal Rule of Civil Procedure 8(a)(2), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). However, Plaintiff's Opposition fails to explain how his FAC includes such "sufficient factual matter." *Id.* Plaintiff's Opposition merely consists of citations to non-binding and irrelevant caselaw and requests for remedies which the law does not support. *See generally* Opp.

Plaintiff's requests for declaratory relief simply have no standing or basis in law. Each claim requests declarations which are inappropriate, irrelevant, or both.

### A. Failure to State a Claim for Invalid Forum-Selection Clause (Claim 1).

Plaintiff fails to state a claim that the forum selection clause in his Restricted Stock Unit ("RSU") agreement with Amazon violates the Labor Code by requiring – as a condition of employment – his agreement to adjudicate claims outside of California. In his Opposition, Plaintiff argues that California Labor Code § 925

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

47191\20658190.1

2

DEFENDANTS' REPLY TO PLAINTIFF'S M.P.A.
IN OPPOSITION TO MOTION TO DISMISS
Case No. 3:25-cv-01841-JLS-AHG

applies to the RSU agreement because receipt of the additional compensation associated with that agreement depends on his continued employment with Amazon. Opp. at 2. However, asserting that RSU receipt is conditioned on continued employment does not equate to an assertion that Plaintiff entered the agreement itself as a condition of employment. The latter is required to support a claim under Section 925. *Patel v. SAP Am., Inc.*, No. 25-cv-00608-NW, 2025 WL 1810011, at *3 (N.D. Cal. July 1, 2025).

Additionally, Plaintiff argues that an actual controversy exists because he seeks a declaration of the clause's invalidity "before breach." Opp. at 3. This argument is moot as Plaintiff has not identified any likely breach of this agreement; rather, he appears concerned that Amazon may attempt to enforce the clause. Neither Plaintiff's Complaint nor his Opposition contend that Amazon is seeking to enforce this clause or that it might take any action that might breach the agreement. As such, Plaintiff's first claim for declaratory relief should be dismissed.

### B. Failure to State a Claim for Unlawful Forfeiture and Leave Penalties (Claim 2).

Plaintiff argues that his second claim for unlawful forfeiture and leave penalties is sufficiently pled because the RSU clause at issue unlawfully seeks to exculpate Amazon from misconduct. Opp. at 4. This simply is not the case.

As the Complaint pleads, the clause at issue conveys that an employee's RSUs cease vesting upon an employee's termination "whether or not [the termination is] later found to be invalid or in breach of employment laws." Compl. ¶ 22(d). Plaintiff misconstrues this as an attempt to "legalize illegality." But the clause does not attempt to immunize Amazon from the consequences of wrongfully terminating an employee; it simply provides that an employee will not continue to vest stock after their employment has ended. Nor has Plaintiff cited case law supporting his claim that such a clause in an RSU agreement is legally

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

47191\20658190.1

3

DEFENDANTS' REPLY TO PLAINTIFF'S M.P.A. IN OPPOSITION TO MOTION TO DISMISS
Case No. 3:25-cv-01841-JLS-AHG

impermissible.[1] As such, Claim 2 should be dismissed.

### C. Failure to State a Claim for Retaliation via Constructive Discharge (Claim 3).

Plaintiff's third claim is for prospective declaratory relief, asking the Court to prevent Amazon from deeming Plaintiff's anticipated resignation a "voluntary resignation" in its recordkeeping systems when Plaintiff contends it is a constructive discharge. Compl. ¶¶ 67–68. Yet, Plaintiff's Opposition cites no authority supporting this request, instead arguing only that the Performance Improvement Plan ("PIP") Plaintiff received was retaliatory. Opp. at Section C. A constructive discharge occurs when an "employee … is forced to resign due to actions and conditions so intolerable or aggravated at the time of his resignation that a reasonable person in the employee's position would have resigned." *Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1245 (1994) (citation omitted). Even assuming the PIP was retaliatory in nature (which Defendants deny), that fact alone would not support a suggestion that Plaintiff was constructively discharged – let alone empower the Court to direct Amazon's internal recordkeeping practices regarding employee separations. *See Simers v. Los Angeles Times Commc'ns, LLC*, 18 Cal.App.5th 1248, 1272 (2018) ("Criticism of an employee's job performance, even 'unfair or outrageous' criticism, 'does not create the intolerable working conditions necessary to support a claim of constructive discharge.'" (quoting *Gibson v. Aro Corp.*, 32 Cal.App.4th 1628, 1636 (1995))). Plaintiff pleads no facts supporting a constructive discharge; he was simply issued a PIP which sought to improve his performance. As such, Claim 3 should be dismissed.

/ / /

---

[1] Plaintiff seems to claim Cal. Civ. Code § 1668 itself bars such clauses but the statute includes no such language; it only bars contracts which have for their object to exempt from responsibility their own fraud, injury, or violation of law.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

47191\20658190.1

4

DEFENDANTS' REPLY TO PLAINTIFF'S M.P.A.
IN OPPOSITION TO MOTION TO DISMISS
Case No. 3:25-cv-01841-JLS-AHG

### D. Failure to State a Claim for Defamation (Claim 4).

Plaintiff argues that the alleged defamatory statement in his performance review, that he "failed to demonstrate ownership," is sufficient to sustain a defamation claim because that performance feedback is "provably false." Opp. at 9. First, however, Plaintiff's Complaint fails to plead a fact establishing that the review was incorrect. Further, Plaintiff's Opposition only argues that the feedback lacked contextual clarification regarding *why* Plaintiff failed to take ownership—thereby acknowledging that Plaintiff indeed did fail to demonstrate ownership. *Id.*

This kind of back-and-forth about four innocuous words in a performance review is precisely why the law disfavors defamation claims in the context of employee performance evaluations. *Jensen v. Hewlett-Packard Co.*, 14 Cal. App 4th 958, 964 (1993). Indeed, for a performance evaluation to be defamatory, it must "falsely accuse[] an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior." *Id.* at 965. A disagreement about whether an employee subjectively "demonstrated ownership" in no way approaches that level of negative accusation. As such, Claim 4 should be dismissed.

### E. Failure to State a Claim for Retaliation (Claim 5).

Plaintiff cannot support his retaliation claim because he fails to establish either that he participated in protected activity or that he experienced adverse action.

#### 1. Failure to Aver Protected Activity

Plaintiff argues that he engaged in protected activity under California Labor Code §§ 1102.5 and 6310 by making an "internal safety complaint" that he characterizes as a "disclosure[] to management/HR identifying ADA/FEHA noncompliance." Opp. at 12. Plaintiff appears to be referring to a July 12, 2024 email to his manager requesting to modify an existing personal accommodation.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

47191\20658190.1

5

DEFENDANTS' REPLY TO PLAINTIFF'S M.P.A.
IN OPPOSITION TO MOTION TO DISMISS
Case No. 3:25-cv-01841-JLS-AHG

Compl. ¶ 30.[2] However, that email is simply a personal accommodation request—not a complaint about ADA/FEHA noncompliance or a safety complaint.[3] As such, this communication is not protected by California Labor Code § 1102.5 or § 6310.

Plaintiff further argues that his "designation [of] a representative to negotiate terms/conditions … [and] accommodation, performance metrics, PIP terms" constitutes activity protected by California Labor Code § 923. Opp. at 13. However, Plaintiff's Complaint simply reflects the conclusory assertion that Plaintiff designated counsel "for the purpose of negotiating the terms and conditions of employment." Compl. ¶ 31. While Plaintiff's Opposition now tries to refashion that allegation to mean negotiating his accommodation, performance metrics, and PIP terms, such is not a reasonable interpretation based on the plain reading of his Complaint.

Regardless of the reason for the designation, courts have held that "Labor Code section 923 is premised on rights that reach beyond the interests of a single employer or employee." *Grant-Burton v. Covenant Care, Inc.*, 99 Cal.App.4th 1361, 1375 (2002). Section 923 exists to "uphold the freedom of employees to organize and to enter into collective bargaining contracts for their own protection." *Chavez v. Sargent*, 52 Cal.2d 162, 191 (1959) *overruled on other grounds by Petri Cleaners, Inc. v. Auto. Emp., Laundry Drivers and Helpers Loc. No. 88*, 53 Cal.2d 455 (1960). It does not, however, insulate employees from receiving direct performance feedback from their employer.

---

[2] According to the Complaint, the email reads: "my physician recommended that I work 6 hours a day for the next 3 months," that "the process currently established by Amazon did not allow me to evaluate the proper accommodation required for my health and safety adequately," and that changes were needed "to ensure compliance with legal precedents and regulations." Compl. ¶ 30.

[3] Plaintiff cites to several cases that support the assertion that legitimate safety complaints or those that identify ADA or FEHA noncompliance are protected by both Sections 1102.5 and 6310, but as his "complaint" was merely a request to be personally accommodated, these cases are inapposite.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

47191\20658190.1

6

DEFENDANTS' REPLY TO PLAINTIFF'S M.P.A.
IN OPPOSITION TO MOTION TO DISMISS
Case No. 3:25-cv-01841-JLS-AHG

### 2. Failure to Aver Adverse Employment Action

In attempting to establish adverse employment action, Plaintiff points only to the issuance of a PIP. Plaintiff argues that *Cozzi v. County of Marin*, which held that "[w]ritten warnings and performance improvement plans are not adverse actions where they do not materially affect the terms and conditions of employment" is distinguishable because the performance plan in *Cozzi* had "no tangible effects." 787 F.Supp.2d 1047, 1061 (N.D. Cal. 2011).[4] Plaintiff argues that, in contrast, his PIP had the tangible impact of requiring executive approval for potential internal transfers and may have resulted in a delay of an RSU tranche. Opp. at 13, 16–25. However, by Plaintiff's own admission, these are not "tangible" impacts, as they are limited potential, theoretical, future inconveniences which never came to pass and which could not reasonably be characterized as "materially affecting the terms and conditions of employment." As such, Plaintiff's PIP does not constitute adverse employment action.

### F. Plaintiff Does Not Adequately Plead Joint Employment

Finally, Plaintiff's argument that entities that did not employ him are rightfully named Defendants includes no factual basis. Plaintiff again offers only the conclusory statement that the entities "jointly participate in employment, compensation, and RSU administration" without any evidence to support the conclusion. Plaintiff's Opposition admits that he has not pled any "particulars" which evidence the conclusion (Opp. at 16); as such, all claims should be dismissed with regard to Amazon.com, Inc., and Amazon.com Services LLC.

/ / /

/ / /

---

[4] The PIP in *Cozzi* involved the relinquishing of days off, institution of strict work hours, strict adherence to a sick policy, and requirement that the plaintiff report any lateness before it occurred and seek advance approval for vacation days.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

47191\20658190.1

7

DEFENDANTS' REPLY TO PLAINTIFF'S M.P.A. IN OPPOSITION TO MOTION TO DISMISS
Case No. 3:25-cv-01841-JLS-AHG

### III. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

Plaintiff's Opposition provides no support for his request for leave to amend his Complaint. Though Plaintiff has broadly asserted that he should be granted leave to amend, his Opposition does not explain what additional detail he would add if granted such leave. *See Brown v. Option One Mortg. Corp.*, No. C 09-5705 MHP, 2010 WL 1267774, at *5 (N.D. Cal. Apr. 1, 2010) (leave to amend is not automatic whenever a plaintiff loses a Rule 12 motion and plaintiff must explain what can be added to the complaint to overcome its fatal obstacles). Indeed, Plaintiff already amended his Complaint once in response to Amazon's meet and confer efforts, and the Complaint remains deficient. *See* Joint Stipulation Regarding Deadlines to File First Am. Compl., Dkt. No. 6. As such, Plaintiff's First, Second, Third, Fourth, and Fifth Claims should be dismissed without leave to amend.

### IV. CONCLUSION

Plaintiff has not alleged sufficient facts supporting any of his claims. Plaintiff's Opposition does not explain how his First Amended Complaint satisfies the pleading standard or what he might add to a Second Amended Complaint if given leave to amend. Amazon therefore requests that the Court dismiss Plaintiff's First Amended Complaint in its entirety without leave to amend.

Dated: October 16, 2025                FARELLA BRAUN + MARTEL LLP

By: ____/s/ Benjamin J. Cooper____
    Benjamin J. Cooper

Attorneys for Defendants AMAZON.COM, INC., AMAZON WEB SERVICES, INC. AND AMAZON.COM SERVICES LLC

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

47191\20658190.1

8

DEFENDANTS' REPLY TO PLAINTIFF'S M.P.A.
IN OPPOSITION TO MOTION TO DISMISS
Case No. 3:25-cv-01841-JLS-AHG